# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| Lauri A. Osborne, Individually and On Behalf ) | No. **3:07 CV 00469 (RNC)** |
| of All Others Similarly Situated,　　　　　　　) | |
| 　　　　　　　　　　　　　Plaintiff,　) | <u>CLASS ACTION</u> |
| vs.　　　　　　　　　　　　　　　　　　　) | |
| Menu Foods, Inc.　　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　Defendant.　) | |
| 　　　　　　　　　　　　　　　　　　　　) | |

## **<u>ORDER</u>**

This matter having been duly heard on the Motion for Preservation of Documents and Other Evidence the Court hereby rules as follows:

IT IS HEREBY ORDERED:

1.　For the purposes of this Order the pet food products at issue are products subject to the recall by the defendant Menu Foods, Inc. on March 16, 2007 and thereafter,

2.　During the pendency of this litigation or until further order of this Court the defendant, its agents, servants, employees, attorneys, public relation specialists, consumer service representatives, product testers, testing facilities, and/or consultants hired for any purposes relative to this litigation and recalled food that is a subject matter of this litigation shall not alter, destroy, or otherwise dispose of any "document" or material evidence in the actual or constructive care, custody, or control of the defendant and the date of entry of this order forward.

3.　Such documents and physical evidence include, but are not limited to evidence contained on computers, including memorandum, e-mails, documents attached to e-mails, notes, and computer evaluations.

4.　The evidence which this order is relevant to includes the following:

      a.      Contaminated pet food products at issue;

      b.      any communications, records or other documents relating to the recall or consideration of a recall of the pet food products at issue;

      c.      testing and test results of the pet food at issue including proposed testing and testing which was not completed;

      d.      complaints between September 2006 and the date of the trial of any pet food products at issue that are subject to the recall;

      e.      consumer complaints regarding renal failure or death of pets at any time between September 2006 and the date of this order;

      f.      instructions to retailers, wholesalers, distributors, marketers, manufacturers of pet food at issue between September 2006 and the date of trial of this cause;

      g.      all communications, correspondence, concerning the reasons for the contamination of the pet food products;

      h.      all communications, correspondence and records with members of the class or sub-class alleged in this action including releases of claims, checks, records of money, credit refunds or anything of value provided to any class member or putative class member.

5.      The term "document" shall have the same meaning described within the Federal Civil Procedure and includes as noted above, e-mail messages, memoranda, diaries, meeting minutes, purchase records, bills, invoices, correspondence, writings, drawings, drafts, charts, photographs, sound recordings, images, data stored on computer, back up data, videotaped records and transmissions, correspondence, journals, ledgers, reports, invoices, notes, abstracts, letters, test results, drafts, instructions, lists, logs, orders, recitals, summaries, compilations, computations and other formal or informal writings or other writings.

6. Other evidence or physical evidence to be preserved within the scope of this order includes ingredients or components that were used in the pet food, pet food that was subject to the recall and returned, specimens of food samples tested and specimens which were subject to testing.

7. The defendant shall be responsible for providing notice of this order to respect subsidiaries, affiliates, officers, agents, servants, employees, attorneys, public relations specialists or departments, customer service representatives, product testers or testing facilities, and/or other consultants hired by the defendant for these purposes and shall be responsible for compliance with this order with all of its entities and persons it so employs.

8. If counsel for the parties are unable to resolve disputes regarding the scope or implementation of this order, any party may apply to the court for clarification or release from this order upon reasonable notice any such documents and/or evidence subject to such a dispute shall be preserved pending a ruling by the Court.

SO ORDERED this         day of            2007 by

_____
United State District Court Judge